No 153.—UNION BANK OF LOUISIANA v. MICHAEL RYAN.

When the defendant, the maker of a promissory note, establishes a failure of consideration as between himself and his payee, amounting to a fraud, the holder by indorsement is obliged to show that either he or some preceding holder took it in good faith and for value.

APPEAL from the District Court, parish of Rapides. *Lewis, J. Manning*, for plaintiff and appellant. *Ryan & White*, for defendant and appellee.

HOWE, J.　This suit was instituted upon a promissory note made by defendant dated March 20, 1861, and payable February 10, 1862, to the order of Rotchford, Brown & Co., and by the latter indorsed.

The defendant admits in his answer the execution of the note but denies indebtedness to any one thereon, and avers that the note is really his own property; that it never passed into the hands of plaintiff in the ordinary course of business, that it was really controlled by Rotchford, Brown & Co., the bank being only a nominal party; that during the year 1859 the defendant purchased a number of slaves, and that Rotchford, Brown & Co. indorsed part of the notes given for their price, payable one year after date; that, when the notes were about to mature, Rotchford, Brown & Co. wrote to defendant and enclosed four notes to be signed by defendant, to take up or renew the original notes, leaving blanks for date and time of payment; that the defendant signed these notes and sent them forward for the purpose stated, but that Rotchford, Brown & Co. never took up those original notes, but used the series of notes of which the obligation in suit was one for their own benefit without the consent of the defendant, who was obliged after the war to pay the original notes to the holders thereof.

There was judgment in favor of defendant and plaintiff has appealed.

The evidence shows a total failure of consideration of the note in suit as between the maker and the payees. It was executed and sent to the latter for a specific purpose, to be used in the renewal of notes about to fall due. It was not so used, but was misapplied by Rotchford, Brown & Co., to other purposes, and the defendant was obliged to pay the original notes. Upon the trial an account current between Rotchford, Brown & Co. and the defendant was offered by plaintiff, and on this the defendant appears to have been credited with the proceeds of the note in suit, by discount, $4926 80, but the account was not in any wise proved; it was only admitted by consent of defendant to establish "the fact that such an account was rendered, but not that defendant ever consented to its correctness or that it was binding on him."

The defendant then having clearly established a failure of consideration through the fraud of his payees, it remains for us to consider what effect this fact has upon the rights of the plaintiff.

We consider it well settled that when upon the trial of a case like this the defendant clearly establishes failure of consideration, as between himself and his payee, amounting to a fraud, the plaintiff, as indorsee, is required to explain the circumstances of his possession, and to show that either he or some preceding party to the note took it in good faith and for value. Bayley on Bills, p. 492 to 495, and notes; 9 Ann. 20, 22.

The plaintiff in this case made no such proof, and we therefore conclude that the judgment of the court *a qua* was correct.

It is therefore ordered that the judgment appealed from be affirmed with costs.